UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 08-149

WALTER BROWN                                SECTION "C"

ORDER AND REASONS

This matter comes before the Court on motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by Walter Brown ("Brown").  Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be denied for the following reasons.

Pursuant to a plea agreement, Higgins plead guilty to two counts of the indictment charging conspiracy to distribute and possess with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C.§ 924(c)(1)(A) on February 18, 2009, and was sentenced to 120 months imprisonment as to the one count

1

and 60 months imprisonment as to the other, to be served consecutively, on May 29, 2009. An appeal was filed, and the judgment was affirmed by the United States Court of Appeals for the Fifth Circuit in January 2010. *United States v. Brown*, 359 Fed. Appx. 513 (5th Cir. 2010), *cert. denied,* 130 S.Ct. 3352 (2010). This motion was filed on August 23, 2010. Brown makes two challenges to his sentence. First, he challenges the Court's misstatement of the elements of the case and second, he claims counsel was ineffective for allowing the him to enter into the plea agreement under that circumstance. The government opposes the motion.

**Understanding of offense**

The issue of the misstatement of the elements of one of the crimes at the rearraignment was made by the defendant on direct appeal and rejected by the Fifth Circuit under a plain error review. In so doing, the Fifth Circuit stated that the charge was correctly stated at another point during the rearraignment proceedings, and that the correct charge was contained in the plea agreement, pre-sentence report and indictment. *Brown*, 359 Fed. Appx. at 513-514. This Court finds that the record establishes that the defendant understood the charge against him and that this claim lacks merit.

**Strickland**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A defendant seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. *See id*. at 697.

To prevail on the deficiency prong, the defendant must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). The defendant must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly depending on whether the defendant is challenging the actions of trial or appellate counsel. In order

3

to prove prejudice with respect to trial counsel, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.  In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."  *Crockett*, 796 F.2d at 793.  In order to prove prejudice with respect to a claim that appellate counsel was ineffective, a defendant must show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation.  *Briesno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001); *see also Smith v. Robbins*, 528 U.S. 259, 286 (2000).  Therefore, the defendant must demonstrate a reasonable probability that, if appellate counsel's performance had not been deficient in the manner claimed, the appellate court would have vacated or reversed the trial court judgment based on the alleged error.  *Briesno*, 274 F.3d at 210.

The defendant bears the burden of proof when asserting an ineffective assistance of counsel claim.  The defendant "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).  If a court finds that

4

defendant has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697. Counsel was not deficient for failing to intervene when the Court mispoke regarding the elements of the second charge, as it was clear from the overall colloquy what the elements were. Furthermore, no showing of actual prejudice has been shown, nor has it been shown that the defendant misunderstood what the elements were.

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by Walter Brown is DENIED.

IT IS FURTHER ORDERED that the writ of habeas corpus ad testificandum/motion for *in camera* evidentiary hearing filed by Walter Brown is DENIED. Rec. Doc. 124.

New Orleans, Louisiana, this 2nd day of March, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE