UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO. 08-149

WALTER BROWN                            SECTION C(3)

ORDER AND REASONS

Before the Court is defendant's Motion Pursuant to Federal Rule of Criminal Procedure 36. Rec. Doc. 136. In it, he requests the Court to amend the judgment of conviction and sentence entered in this case to reflect a downward departure pursuant to U.S. Sentencing Guidelines Manual (USSG) § 5G1.3(c) (2008). The United States filed a response per the Court's order that asks the Court to dismiss defendant's motion for lack of subject matter jurisdiction. Rec. Doc. 138. For the reasons that follow, the Court DENIES the defendant's motion on the merits.

**I. Background**

The grand jury indicted Mr. Brown and his co-defendants on violations of the Federal Gun Control Act and the Federal Controlled Substances Act on June 6, 2008. Rec. Doc. 1. On February 18, 2008, Mr. Brown entered a plea of guilty to Counts 1 and 7 of the indictment in exchange for the United States dismissing the other counts of the indictment and agreeing not to pursue statutory criminal history enhancements under 21 U.S.C. § 851. Rec. Doc. 69. On May 29, 2009, the Court unconditionally accepted that plea of guilty and imposed a sentence of 120 months as to Count 1 and 60 months as to Count 7, to be served consecutively with one another. Rec. Doc. 88. The Fifth Circuit affirmed the conviction and sentence, rejecting the lone issue raised by Mr. Brown on appeal - that this Court had vitiated the voluntariness of his guilty plea by misstating the elements of the offense to which he pleaded guilty. *United States v. Brown*, 359

F. App'x 513 (5th Cir. 2010).

On August 23, 2010, Mr. Brown filed a motion to vacate under 28 U.S.C. § 2255, raising the same argument regarding the essential elements of his offense and adding that counsel was ineffective for allowing him to plead guilty under such circumstances. Rec. Doc. 112. After receiving an opposition from the United States, the Court denied this motion, finding that Mr. Brown had understood the elements of his offense before pleading guilty and that he had failed to show ineffective assistance of counsel. Rec. Doc. 127. The Court denied Mr. Brown's motion to amend or alter judgment shortly thereafter. Rec. Doc. 132.

Mr. Brown filed the current motion to correct his criminal judgment on November 15, 2013. Rec. Doc. 136. The Court ordered the United States to file any response by May 1, 2014. Rec. Doc. 137. The United States filed a timely response. Rec. Doc. 138.

**II. Contentions of the Parties**

Mr. Brown argues that there is a clerical error in his judgment because it does not reflect any downward departure to account for time served on the current offense in state custody. He points to the following colloquy in his sentencing transcript between the Court and defense counsel:

> THE COURT: Mr. Ciaccio, anything?
>
> MR. CIACCIO: Your Honor, my client has accepted responsibility for his actions.
>
> With respect to sentencing, your Honor, I would just, the PSI notes, but my client has been in custody since May 10th of 2008, make sure that he gets credit for all the time served.
>
> THE COURT: Sure.

Sentencing Tr., 4.  He suggests that in order to effectuate what the Court intended (credit for

time served beginning on May 10, 2008) the Court was required to enter a downward departure pursuant to USSG § 5G1.3(c) - a catchall provision that allows a Court to award credit for time served on an undischarged term of confinement for a totally separate charge. Thus, he asks that the Court amend its judgment to reflect this downward departure.

The United States argues in response that Mr. Brown's request is only cognizable under 28 U.S.C. § 2241 because it "requires computation of the service of a legally rendered sentence." Rec. Doc. 138 at 3. It further contends that this Court is an improper venue for Mr. Brown's motion, properly construed, because he is confined in Arkansas, not the Eastern District of Louisiana. *See, e.g.*, *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("the district of sentencing does not have jurisdiction to consider the merits of a § 2241 petition, unless the petitioner or his custodian is also located there"). Finally, the United States argues that this Court lacks jurisdiction over Mr. Brown's motion because he has not exhausted administrative remedies.

### III. Analysis

Rule 36 of the Federal Rules of Criminal Procedure allows a court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission." Rule 36 is an accepted procedural vehicle for "correct[ing] [an] original written judgment to conform with the sentence announced orally." *United States v. Spencer*, 513 F.3d 490, 492 (5th Cir. 2008); *see also United States v. Bennett*, 423 F.3d 271, 278 (3d Cir. 2005) ("Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge.").

Contrary to the position taken by the United States in this case, it is permissible for a court to use Rule 36 in this fashion, even where the end result has ramifications for the

calculation of a sentence. *See United States v. Thompson*, 08-30, 2011 WL 4478399 (E.D. La. Sept. 26, 2011) (Lemmon, J.) (addressing the merits of Rule 36 motion premised on credit for time served). The cases cited by the Assistant U.S. Attorney do not suggest otherwise. Neither *United States v. Gabor*, 905 F.2d 76 (5th Cir. 1990) nor *United States v. Brown*, 753 F.2d 455 (5th Cir. 1985) concern an alleged discrepancy between an oral and written judgment. *Gabor* concerned alleged entitlement to credit for time served that was not even brought to the trial court's attention before sentencing. 905 F.2d at 77-78. The only issue in *Brown* was the defendant's statutory entitlement to presentence credit for time served, independent of the sentence pronounced orally. 753 F.2d at 456; *see also United States v. Mares*, 868 F.2d 151 (5th Cir. 1989) (Rule 36 motion for reduction under statute had to be considered under § 2241.).

As the Fifth Circuit explained in *Gabor*, an inmate is required to proceed under § 2241 where success on the merits would require "application of credit against the sentence as *imposed*." Gabor, 905 F.2d at 78. By contrast, a genuine claim under Rule 36 implicates the correctness of judgment before the sentence is imposed. Thus, to the extent that Mr. Brown claims that there is a discrepancy between the sentence pronounced orally and the written judgment that has been caused by mere oversight, the Court has jurisdiction to hear and decide his motion under Rule 36. *Cf. Thompson*, 2011 WL 4478399. Unfortunately for Mr. Brown, the record and the Court's recollection do not support that the omission of a downward departure under USSG § 5G1.3(c) was a mere oversight.

First, counsel's request to "make sure" that Mr. Brown receive "credit for all time served" was far from an unambiguous invocation of the terms of USSG § 5G1.3(c). According to the PSI, Mr. Brown was arrested by state authorities for his current offense on May 10, 2008 and

later transferred into federal custody on June 24, 2008. Under statute, Mr. Brown is entitled to credit for time served in state custody beginning May 10, 2008, unless that time is credited toward a different sentence. 18 U.S.C. § 3585(b). Thus, the statute already ensures that Mr. Brown will receive "credit for all time served," even if it is not all applied to the same sentence. Even construing counsel's statement as a request that credit be guaranteed to apply to the present federal sentence, defense counsel did not raise the possibility that a different sentence might vitiate Mr. Brown's statutory entitlement to such credit at the time of sentencing. The PSI does not mention any separate prosecution based on the same offense.[1] The Court was not advised of the need to downward depart to bring about the desired outcome. It is not uncommon for counsel to request that credit for time served be entered under circumstances controlled by § 3585(b). Under those circumstances, the Court's "agreement" to award such credit merely reflects a non-binding prediction of how the BOP will calculate the defendant's sentence. *Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011); *see also Adams v. Morrison*, 84 F. App'x 419, 420 (5th Cir. 2003) ("The Attorney General, through the BOP, determines what credit, if any, will be awarded to a prisoner for time spent in custody prior to the commencement of his sentence.").

     Most importantly, the colloquy in which the Court agreed to give Mr. Brown credit for time served happened <u>before</u> it pronounced the actual sentence in this case; it was not a part of the sentence itself. When the Court actually pronounced sentence, it stated that Mr. Brown was to be confined for 120 months as to Count 1 and 60 months as to Count 7, those sentences to be served consecutively with one another. Sentencing Tr., 4-5. This is exactly what the written judgment in this case states. Rec. Doc. 88. Hence, there is no discrepancy to be remedied via

---

[1] Even now, the Court does not know whether this has occurred.

motion under Rule 36. It was clear from the PSI, the probation office's sentencing recommendation, and statements made on the record at sentencing that the Court had applied no downward departure from the minimum guideline sentence to determine the sentence imposed. Sentencing Tr., 5 (stating that the Court was imposing a "guideline sentence" and that it was "the minimum sentence that [the Court] could impose" under statute). The PSI, to which neither party objected, *id.* at 3, even states that Mr. Brown is not entitled to any downward departures. At no point did counsel object to the failure to depart.

Counsel failed to properly request a downward departure under USSG § 5G1.3(c) or to request credit for time served beyond that to which Mr. Brown was automatically entitled under 18 U.S.C. § 3585(b). For this reason, the Court cannot amend Mr. Brown's judgment to reflect a downward departure under the guise of correcting a clerical error.

Accordingly,

IT IS ORDERED that defendant's Motion Pursuant to Federal Rules of Criminal Procedure 36 is DENIED. Rec. Doc. 136.

New Orleans, Louisiana, this 6th day of May 2014

                                        HELEN G. BERRIGAN
                                UNITED STATES DISTRICT JUDGE